## LIABILITY FOR DEATH OF AN EMPLOYEE FROM BEING FURNISHED CONTAMINATED DRINKING WATER.

Common Pleas Court of Clark County.

CLARA ROBBINS, ADMINISTRATRIX, v. THE VICTOR RUBBER COMPANY.

Decided, May 13, 1918.

*Workmen's Compensation Act Affords no Protection to an Employer—·
on Account of the Death of an Employee from Disease Contracted
in the Course of His Employment—Cause of the Disease the Em-
ployer's Negligence—Occupational and Non-Occupational Diseases.*

The workmen's compensation act was clearly intended to cover in-
juries or death from injuries as distinguished from disease; and
a petition asking damages on account of the death of an employee
of the defendant from typhoid fever, contracted from the drink-
ing of contaminated water drawn from a well from which defend-
ant's employees were supplied, is not open to demurrer, for the
reason that the defendant is not protected by said act notwith-
standing he may have paid into the state insurance fund.

*Stafford & Arthur,* for plaintiff.
*J. M. Cole,* contra.

GEIGER, J.

The plaintiff alleges that her decedent was employed by the Victor Rubber Company, a corporation, which it is conceded was an employer of five or more employees, and paid into the state insurance fund the amount required by statute.

It is alleged, briefly, that as appurtenant to its plant, the defendant had dug and maintained several wells from which water was pumped for utility and drinking purposes, and that the defendant had constructed certain toilets emptying into cess pools about 100 feet distant from the wells, and that they drained into the water wells, thereby contaminating the water used by the employees with typhoid fever germs, all of which was known, or should have been known to the defendant; that the decedent drank the water from time to time, and thereby

became infected with typhoid fever, and as a result of such infection died on the 10th day of January; that his death was caused by the infection from typhoid fever received into his system by drinking the contaminated water provided by the defendant, and that his death was without fault of the decedent but solely on account of the negligence of the defendant in the construction and maintenance of such dry wells near the drinking wells.

The plaintiff asks judgment in the sum of $20,000.

To this petition the defendant demurs on the ground that the same fails to state facts sufficient to constitute a cause of action.

It is conceded in argument that the petition contains a cause of action, unless the defendant is protected by the workmen's compensation act.

It is claimed by the defendant that the death of the decedent from the accidental contact with the typhoid fever germs, through the negligence of his employee, is such an injury or death as is defined in the act providing for the maintenance and disbursement of the state insurance fund for the benefit of injured, and the dependents of killed employees, and that therefore this defendant is not liable under the provision of Section 1465-70, which provides that employers who comply with the provision of the preceding section shall not be liable to respond in damages at common law or by statute * * * for injury or death of any employee wherever occurring. * * *

Counsel for defendant cites in support of his contention, the case of *Vennen, Admrx.,* v. *Lumber Company,* decided October 26th, 1915, and reported in Vol. 161 Wis., page 370, where it is held that typhoid fever contracted by an employee, as the result of drinking polluted water, is a personal injury accidentally sustained, or approximately caused by accident within the meaning of the statute of Wisconsin.

It is maintained on behalf of the plaintiff that our own Supreme Court, in the case of *Industrial Commission* v. *Brown,* 92 O. S., 309, has decided adversely to the claim of the defendant.

It is there held that under the provisions of the original Workmen's Compensation Act, an injury or death, resulting from diseases contracted in the course of employment, known

as occupational diseases, are not such as are contemplated by the provisions of the act referred to, and can not be made the basis of a claim for compensation from the insurance fund so provided, and that although Section 35, Article II, of the Constitution, as amended September, 1912, authorizes the Legislature to pass laws providing an insurance fund to compensate workmen and their dependents for death, injuries or occupational diseases, occasioned in the course of employment, by compulsory contribution, the General Assembly has not yet provided by law for the compensation for injury or death from occupational diseases.

The court points out that the premium rates assessed and collected by the administration board during the period the voluntary act was in force, had been fixed on the basis of death and injuries by accident solely, to the entire exclusion of injury through disease, and the court says it is quite patent that any other construction would necessitate an immediate and striking horizontal elevation of all premium rates, and would in all probability be a serious menace to the law itself.

In speaking of the present act, upon the rendition of a decision affecting the former voluntary act, the court says:

"We note that the new act now in force, enacted by the Legislature after the constitutional authority had been granted, contains the same language in respect to beneficiaries of the act, as was employed in the original law, thereby clearly demonstrating an intention on the part of both of the assemblies speaking on the subject, to give the restricted, rather than the enlarged meaning to the phrase, 'personal injuries.'"

The act itself, 103 O. L., 72, defines the powers, etc., for the administraton of the fund for the benefit of "injured, and the dependents of the killed employees." The present constitutional provision, so far as it relates to this matter, provides that for the purpose of providing compensation to workmen and their dependents, for death, injuries, or occupational diseases occasioned in the course of said workmen's employment, laws may be passed, etc.

The court says it is to be observed that the constitutional amendment differentiates between injuries and occupational

diseases. It clearly recognizes three distinct classes for which provision may be made: (1) injuries resulting in death; (2) non-fatal injuries, and (3) occupational diseases, and all are to be limited to such as might be occasioned in the due course of employment.

It seems clear to this court, from a reading of the statute itself, and a consideration of the causes which lead to its adoption, and of the general discussion and common understanding of the act, as well as from a consideration of the constitutional amendment, that the act was clearly intended to cover injuries and death resulting therefrom, as distinguished from what is ordinarily considered a disease.

If the claim of counsel for defendant is correct it must follow from the decision of the court in *Industrial Commission* v. *Brown, supra,* that compensation may be given to workmen for sickness, and death resulting from non-occupational diseases, if the same were contracted either through the negligence of the defendant, or otherwise, in the ordinary course of employment, and that the workmen would be denied compensation for what are known as occupational diseases.

It is very generally understood that there has been no discussion contemplating the compensation of workmen for any disease other than occupational, and the Legislature has not yet extended the benefits of the act to those contracting an occupational disease. If death from a non-occupational disease brings the decedent within the favor of the statute, then sickness from a non-fatal, non-occupational disease would entitle him to partial compensation.

The words "injured and killed" as used in the caption of the act, and used in various sections throughout the act, contemplate personal injury, or killing through an outside violence accidentally applied.

To cover a disease such as has been set up in the petition, would be so to extend the scope of the act as to render its administration exceedingly difficult and burdensome, and would enlarge the scope over that contemplated by any friend of the act.

The court is much more impressed by the reasoning in the dissenting opinion, in the case of *Vennen, Admrx.,* v. *Lumber Company, supra,* than by the opinion of the majority of the court.

The case of *Adams* v. *Acme Lead & Color Works,* 182 Mich., 157, commented upon by our Supreme Court, holds that the Michigan act does not apply to occupational diseases.

The court is further of the opinion that the matter is clearly decided, adversely to the claim of the defendant, by the Supreme Court of Ohio, in the case of *Industrial Commission* v. *Brown,* 92 O. S., 309.

Without further discussing this interesting question, the court is of the opinion that the demurrer should be overruled.